[No. 9109.    Department One.    February 20, 1911.]

ALBERT HANSEN, *Appellant*, v. E. J. ROUNDS *et al.*, *Respondents.*[1]

MASTER AND SERVANT—INJURY TO SERVANT—PLEADING—COMPLAINT —SUFFICIENCY—CONTRIBUTORY NEGLIGENCE. A complaint states a cause of action where it alleges that one employed as a common laborer was ordered to go under and lift on the end of a heavy derrick, and upon his doing so, his employers negligently caused the same to fall upon and injure him; contributory negligence being a matter of defense, and the allegations in no way implicating the plaintiff.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 11, 1910, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries. Reversed.

*Parker & Brown*, for appellant.
*Murphy & Winders*, for respondents.

FULLERTON, J.—The appellant brought this action to recover for personal injuries. A general demurrer was interposed and sustained to his complaint, and on his electing to

[1] Reported in 113 Pac. 633.

stand thereon and refusing to plead further, his action was dismissed with costs. The ultimate question for decision therefore is, does the complaint state facts sufficient to constitute a cause of action.

The allegations of the complaint are as follows:

· "(1) That the plaintiff was employed by the defendants as a laborer, to perform labor in and about the construction of a certain building, situated at the southwest corner of Pike street and Minor avenue in the city of Seattle, and that the duties of his said employment required him to do whatever he was ordered to do by the said defendants.

"(2) That on the 28th day of May, 1909, at the place aforesaid, the defendants were using in the construction of said building a certain heavy derrick, which said derrick was then and there resting upon or across a certain truck, one end of said derrick being then and there upon the ground and the other end of said derrick being elevated above the head of the plaintiff.

"(3) That on the day and year aforesaid, at the place aforesaid, the defendants ordered and directed the plaintiff to go under the upper end or part of said derrick, which said upper part being above the head of the plaintiff as aforesaid, and to reach upward with his arms and to lift and push upward said derrick, which said derrick being then and there of great weight to wit: of greater weight than the plaintiff could lift and hold up, and this being then and there well known to the defendants, so that the weight and pressure of said derrick upon said truck would be lessened and relieved to such an extent that the defendants could move said truck a few inches while said derrick would continue to be supported and prevented from falling upon the plaintiff by said trucks, and the plaintiff in pursuance of said order and direction of the defendants then and there went under the upper part of said derrick and reached upward with his arms and lifted and pushed upward against said derrick with all his might and strength, and the said defendant, then and there, while the plaintiff was so pushing and lifting, wrongfully, negligently and unlawfully seized hold of said trucks, and by a sudden jerk, quickly removed said truck from under said derrick, and thereby threw the whole weight of the derrick upon the plaintiff, and the plaintiff was, by reason of the great weight

of the said derrick, crushed to the ground, with great force and violence, and the said heavy derrick then and there fell upon him with great force, and he was thereby severely injured, and divers bones of his body were broken to wit: the bones of his left shoulder were broken, and the muscles ·and tendons of his left arm were lacerated and torn, and his right shoulder was injured, and the muscles of right arm were torn apart and broken and injured, and the right side of his face and head were bruised, and he sustained a severe shock to his nervous system, and his usual strength and vigor has been impaired, and he is thereby permanently injured, and he became and was sick, sore, lame, disordered and disabled, and so remained for a long space of time, to wit: from thence hitherto, during all of which time, he suffered great pain, and was compelled to, and did, lay out large sums of money in endeavoring to be healed of his said injuries, and was prevented from attending to his usual affairs and business, and has sustained damages in the sum of $5,000."

It seems to us manifest that this complaint states a cause of action. In substance it is alleged that the appellant, who was an employee of the respondents, was· directed .by the respondents to assist them in moving a derrick of great weight; that he took the position assigned him and performed his part of the work according to his instruction, and that the respondents so negligently performed their part of the work as to cause the derrick to fall upon him to his injury. Since in this state contributory negligence on the part of the servant is a defense and does not have to be negatived in the complaint, it seems clear that there is in this complaint sufficient to put the respondents upon their defense. In support of the ruling of the court below, the respondents' learned counsel have filed an able and ingenious brief, in which they argue that the complaint does show, when taken with its necessary inferences, that the appellant was guilty of contributory negligence. But without following the argument in detail, we cannot accept this view of the pleading. It seems to us that it clearly imputes the fault causing the injury to the respondents without implicating appellant there-

in in any manner. The judgment is reversed, and the cause remanded with instructions to overrule the demurrer and require the defendants to answer over.

GOSE, MOUNT, and PARKER, JJ., concur.