[No. 10264.    Department Two.    October 2, 1912.]

ALBERT HANSEN, *Respondent*, v. E. J. ROUNDS *et al.,*
*Appellants.*[1]

PLEADING—DEPARTURE—IMMATERIAL VARIANCE. A judgment for personal injuries should not be set aside for failure to prove the facts precisely as alleged, where the evidence sustained the substance of the issue, and there was not a substantial departure.

Appeal from a judgment of the superior court for King county, Myers, J., entered November 14, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Murphy & Wall,* for appellants.
*Parker & Brown,* for respondent.

PER CURIAM.—This is an action for personal injuries. The case has heretofore been before us on the question of the sufficiency of the complaint. 62 Wash. 247, 113 Pac.

[1]Reported in 126 Pac. 927.

633.    After the remittitur went down on that appeal, the case was tried to a jury on the facts, and resulted in a verdict and judgment against the appellants.

On this appeal, the appellants question the sufficiency of the evidence to sustain the verdict and judgment. It is objected that the respondent did not prove his case as laid in his complaint. But without setting out the objections in detail, it seems to us that they go rather to the technical accuracy of the proofs than their sufficiency as a matter of substance. The substance of the issue was not whether the respondent was injured in the precise manner alleged in the complaint, but was rather whether he was injured substantially as so alleged. That the evidence sustains the substance of the allegations of the complaint it seems to us there is little question. The respondent was directed to assist in doing a particular work, and took a position in obedience to his directions that would have been safe enough had the defendants performed their part of the work in the manner they told him they would perform it. The defendants, however, did not do the work as they said they would do it. On the contrary, they performed it in a very different manner, and in such a manner as to make the plaintiff's position dangerous in the extreme, the result of which was that he was injured. This, as we say, was the substance of the issue, and is not such a departure from the technical allegation of the complaint setting forth the injury as to require a reversal or a new trial.

There was no error in the ruling of the trial court, and the judgment will stand affirmed.